UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAMERON MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:07CV01273 FRB |
| HARCO NATIONAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant/Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| BAKER ICE COMPANY, INC., | ) ) ) |
| Third-Party Defendant. | ) |

**MEMORANDUM AND ORDER**

Presently pending before the Court is the motion of Third-Party Defendant Baker Ice Company, Inc. ("Baker") to dismiss the Third-Party Complaint of Third-Party Plaintiff/Defendant Harco National Insurance Company ("Harco"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 20/filed December 5, 2008). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I. Background**

In the interests of clarity, it is necessary to identify all of the parties, describe their relationship to each other, and

1

explain the facts giving rise to the original Complaint. Baker had a Business Auto insurance policy through Cameron Mutual Insurance Company ("Cameron"). Baker leased a truck from Hogan Motor Leasing, Inc. ("Hogan"). Hogan had a Business Auto insurance policy through Harco.

On August 5, 2005, Mr. Michael Phillips, an employee of Baker, was driving a truck Baker had leased from Hogan, and was involved in an accident with Ms. Dawn Lamphere. Ms. Lamphere was injured, and she sued Baker, Phillips, and Hogan, et al. Cameron provided defense and indemnity, and paid $850,000.00 in settlement.

Cameron then filed the original Complaint against Harco, seeking declaratory judgment and equitable contribution. Therein, Cameron argued that the truck Phillips was driving was a "covered auto" under the Business Auto insurance policy Harco had issued to Hogan, and that Harco is therefore responsible for some, or all, of the amounts Cameron paid to defend and settle the lawsuit. Harco filed an Answer denying liability to Cameron.

Harco subsequently filed a Third-Party Complaint against Baker. (Docket No. 14/filed September 20, 2007.) Therein, Harco argues that the lease agreement between Baker and Hogan required Baker to insure the truck, and that Harco, as Hogan's insurer, therefore had no responsibility to insure the truck. Harco argues that it was a foreseeable third-party beneficiary of the lease agreement between Baker and Hogan. In its Third-Party Complaint, Harco seeks a judgment that Baker will be responsible to indemnify

2

Harco for any amounts that this Court might order Harco to pay to Cameron.  Specifically, Harco states: "if this Court finds [Harco] monetarily responsible pursuant to [Cameron's] Complaint, then, in that event, [Baker] is responsible to [Harco] for said judgment, based on the contractual obligations of [Baker] set forth in [the lease agreement between Baker and Hogan]."  (Id. at 2.)

Baker filed the instant Motion to Dismiss Harco's Third-Party Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).  Therein, Baker argues that, because Harco was not a third-party beneficiary of the lease between Baker and Hogan, Harco has no standing to assert a claim against Baker arising out of the lease.  Baker also argues that Harco cannot state a cause of action against Baker because it is impermissible under Missouri law for an insurer to subrogate against its insured.  Baker alternately argues that, even if Harco is a third-party beneficiary of the lease, Harco is not entitled to indemnity from Baker inasmuch as the lease cannot be considered in determining Harco's coverage obligations.  In response, Harco contends that Baker is indeed an interested party to this action based upon its obligations under the lease, and that, because it is clear from the lease that Baker and Hogan intended to protect Harco, the only potential for liability to Harco would be the result of Baker's failure to meet its obligations under the lease, and Harco should therefore be free to pursue an equitable remedy against Baker.

Baker filed the instant Motion to Dismiss, and an accompanying Memorandum of Law in support, but attached no exhibits. (Doc. Nos. 20 and 21, respectively.) Harco filed a five-page Memorandum in Opposition (Docket No. 26), attaching no exhibits.

Because resolution of Baker's Motion to Dismiss depends heavily on facts and evidence outside the pleadings, it is inappropriate for resolution under Rule 12(b)(6). Rule 12 of the Federal Rules of Civil Procedure permits the trial court to convert a Rule 12(b)(6) motion to dismiss to a motion for summary judgment if the court considers matters outside the pleadings, provided that all parties have had a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P.12(d). However, such conversion is not automatic based upon the mere fact of the parties' reliance upon matters outside the pleadings. <u>Missouri ex rel. Nixon v. Coeur D'Alene Tribe</u>, 164 F.3d 1102, 1107 (8th Cir. 1999)("Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or [in] opposition to the motion.") Furthermore, even though both parties repeatedly refer the Court to documents outside the pleadings, neither party has presented the full set of submissions, including properly authenticated copies of relevant documents, that would be required for this Court to fully assess the parties' arguments in summary judgment. <u>See</u> <u>Stuart v. Gen. Motors Corp.</u>, 217 F.3d 621,

635 n. 20 (8th Cir. 2000) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed.R.Civ.P. 56(e). Documents which do not meet those requirements cannot be considered.") Moreover, the motions, responses and memoranda do not in their current form comply with Local Rule 7-4.01(E) relating to summary judgment motions and practice. Smith v. Insley's Inc., 499 F.3d 875, 879 (8th Cir. 2007) (citing Reasonover v. St. Louis County, Mo., 447 F.3d 569, 579 (8th Cir. 2006) (district courts have broad discretion to enforce, or not enforce, local rules.))

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Baker's Motion to Dismiss Third-Party Plaintiff Harco's Third Party Complaint (Docket No. 20/filed December 5, 2007) is **DENIED.**

*/s/ Frederick R. Buckles*
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of September, 2008.

5